## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

**JEFFREY O'QUINN,**

**Plaintiff,**

**v.**

**TERRY DELANEY, et al.,**

**Defendants.**                                   **No. 05-CV-748-DRH**

### MEMORANDUM AND ORDER

**HERNDON, District Judge:**

## I.  Background

On October 17, 2005, Plaintiff Jeffrey O'Quinn ("Plaintiff") filed a pro se suit against eight Defendants: Belleville Chief of Police Terry Delaney, Illinois State Attorney Robert Haida, Circuit Clerk Barney Metz, Public Defender Randell Kelly, St. Clair County Judge Jan Fiss, Director of the State of Illinois Department of Corrections Roger Walker, St. Clair County Sheriff Mearl Justice, and Illinois Governor Rod Blagojevich.  (Doc. 1.)  Plaintiff sues under **42 U.S.C. § 1983**, alleging thirty-two tangled but distinct constitutional violations.  He seeks, among other relief, $800 million in damages.  Now before the Court are his motions for leave to proceed in forma pauperis (Doc. 2) and for service of process at the government's expense (Doc. 4).

## II.  Analysis

By granting an in-forma-pauperis motion, a court authorizes a lawsuit

to proceed without prepayment of fees.  *See* **28 U.S.C. § 1915**.  For many years, federal district courts granted such motions if the movant was indigent and the complaint was neither frivolous nor malicious.  The Prison Litigation Reform Act ("PLRA"), however, significantly changed the district court's responsibilities in reviewing pro-se complaints and in-forma-pauperis motions.  As the Seventh Circuit has clarified, the PLRA "changed **§ 1915** not only for cases brought by prisoners, but in some respect for all indigent litigants."  ***Hutchinson v. Spink,* 126 F.3d 895, 899 (7th Cir. 1997)**.  Under the PLRA, the Court must screen the complaints of all indigents (including nonprisoners) and dismiss a complaint if (i) the allegation of poverty is untrue, (ii) the action is frivolous or malicious, (iii) the action fails to state a claim upon which relief can be granted, or (iv) the action seeks monetary relief against a defendant who is immune from such relief.  **28 U.S.C. § 1915(e)(2)**.[1]

Based on the information supplied by Plaintiff, the Court is satisfied that Plaintiff is indigent.  Furthermore, although the Court takes notice that in addition to this sprawling, thirty-two-claim, $800-million action, Plaintiff has recently filed two

---

[1]As the Sixth Circuit has explained,

[u]nlike prisoner cases, complaints by non-prisoners are not subject to the screening process required by § 1915A.  However, the district court must still screen the complaint under § 1915(e)(2) . . . .  Even if a non-prisoner pays the filing fee and/or is represented by counsel, the complaint must be screened under § 1915(e)(2).  The language of § 1915(e)(2) does not differentiate between cases filed by prisoners and cases filed by non-prisoners.

***In re Prison Litig. Reform Act,* 105 F.3d 1131, 1134 (6th Cir. 1997)** (citation omitted).

cases in this District seeking $600 million and $100 trillion,[2] respectively, the Court is unable to say, at this juncture, that Plaintiff's pro-se complaint is on the whole frivolous or malicious. That leaves **section 1915(e)(2)**'s failure-to-state-a-claim and immunity inquiries.

### A.    Immunity

Plaintiff brings suit against several government actors, three of whom — Judge Fiss, Robert Haida, and Randell Kelly — are clearly immune. At this time, the Court is unable to determine whether any of the other Defendants possess immunity.

First, Plaintiff's claims against Judge Fiss cannot stand. It is well settled that judges have immunity for their judicial actions. ***Snyder v. Nolen*, 380 F.3d 279, 285-86 (7th Cir. 2004)** (citing ***Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 435-36 (1993)**; ***Richman v. Sheahan*, 270 F.3d 430, 434 (7th Cir. 2001)**). Further, "a judge will not be deprived of immunity even if the action was in error, was done maliciously, was in excess of his authority, and even if his exercise of authority is flawed by the commission of grave procedural errors" ***Brokaw v. Mercer County*, 235 F.3d 1000, 1015 (7th Cir. 2000)** (citing ***Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978)**). Here, Plaintiff asserts that Judge Fiss violated his constitutional rights by, among other things, refusing to discuss his case,

---

[2] Those cases are styled **O'Quinn v. Reubhausen, et al., Case No. 05-CV-746-DRH**, and **O'Quinn v. Exxon Mobil Corporation et al., Case No. 05-CV-834-GPM.**

insufficiently reviewing his case, and imposing excessive bail.  These and Plaintiff's other claims, however, relate strictly to Judge Fiss's conduct on the bench, where she is immune from suit.  Accordingly, Plaintiff's claims against Judge Fiss must be dismissed.

Second, Plaintiff cannot bring suit against State Attorney Robert Haida. As a rule, prosecutors are immune from **section-1983** monetary damages for conduct that is "intimately associated with the judicial phase of the criminal process." ***Smith v. Power*, 346 F.3d 740, 742 (7th Cir. 2003)**.  Absolute immunity shields prosecutors even if they act "maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence." ***Id.*** (citing ***Henry v. Farmer City State Bank*, 808 F.2d 1228, 1238 (7th Cir. 1986)**).  Plaintiff's **section-1983** claims against Haida, a state prosecutor, are for, among other things, holding Plaintiff without questioning him, refusing to reduce Plaintiff's bail, and asking Plaintiff's counsel to move for Plaintiff to be committed to a state hospital.  These and Plaintiff's other complained-of actions are, without question, intimately aligned with the judicial phase of the criminal process.  Therefore, Plaintiff's claims against Haida must also be dismissed.

Third and finally, Plaintiff's claims against Public Defender Randell Kelly are improper.  In order to sustain a **section 1983** action, a plaintiff necessarily must allege that the defendant acted under color of state law.  **42 U.S.C. § 1983**; ***Case v. Milewski*, 327 F.3d 564, 566 (7th Cir. 2003)**.  When performing a lawyer's

traditional functions, however, public defenders do not act under color of state law, and thus are not amenable to 1983 suits. ***Polk County v. Oregon*, 454 U.S. 312, 325 (1981)**; *see also **Sceifers v. Trigg*, 46 F.3d 701, 704 (7th Cir. 1995)**.  Here, Plaintiff claims that Kelly violated his constitutional rights by, among other things, refusing to discuss his case, refusing to file motions, and "not being the voice for Plaintiff in court and forcing Plaintiff to be Plaintiff's own voice."  These alleged constitutional violations occurred during the course of the Kelly's legal representation of Plaintiff, and relate strictly to tasks traditionally performed by lawyers.  As such, **section-1983** liability will not lie.  Plaintiff's claims against Kelly must be dismissed.

### B.    Failure to state a claim

The standard for failure to state a claim under **section 1915(e)(2)(B)(ii)** mirrors the standard employed in the **Federal Rule of Civil Procedure 12(b)(6)** context.  ***Dewalt v. Carter*, 224 F.3d 607, 611-12 (7th Cir. 2000)**.  The ability of a complaint to survive a **Rule 12(b)(6)** challenge, in turn, hinges on its ability to comport with **Federal Rule of Civil Procedure 8(a)(2)**, which states that a complaint need contain only "a short and plain statement of the claim showing that the pleader is entitled to relief."  ***Lekas v. Briley*, 405 F.3d 602, 606 (7th Cir. 2005)**.  A complaint will be dismissed for failure to state a claim under this rule "only if no relief could be granted under any set of facts that could be proved consistent with the allegations."  ***Id.*** (citing ***Dewalt*, 224 F.3d at 612**).

It is well established that pro-se complaints are liberally construed.

*McCormick v. City of Chicago*, **230 F.3d 319, 325 (7th Cir. 2000)**; *see also*

*Hughes v. Rowe*, **449 U.S. 5, 9 (1980)**.  Under this forgiving lens, the Court cannot

determine, at this time, whether Plaintiff has failed to state claims against the

remaining Defendants, with one exception: Governor Blagovich.

In order to recover damages under **section 1983**, "a plaintiff must

establish that a defendant was personally responsible for the deprivation of a

constitutional right." *Gentry v. Duckworth*, **65 F.3d 555, 561 (7th Cir. 1995)**

(citing *Sheik-Abdi v. McClellan*, **37 F.3d 1240, 1248 (7th Cir. 1994)**).  Though

"'an official satisfies the personal responsibility requirement of **section 1983** . . . if

the conduct causing the constitutional deprivation occurs at [his] direction or with

[his] knowledge and consent,'" "some causal connection or affirmative link between

the action complained about and the official sued is necessary for **§ 1983** recovery."

*Gentry*, **65 F.3d at 561** (citations omitted).

Here, Plaintiff has not alleged, nor do the facts even remotely suggest,

that Governor Blagovich was personally responsible for the harms Plaintiff alleges

were visited upon him.  Even under the more liberal pleading standard used when

evaluating pro-se complaints, Plaintiff does not allege the beginnings of a causal

connection between Governor Blagovich and the conduct giving rise to the bulk of his

claims.  Furthermore, to the extent Plaintiff argues that Governor Blagovich's failure

to respond to Plaintiff's letters or calls, or otherwise investigate his complaints,

somehow rises to a constitutional violation, the Court rejects such argument as

frivolous.  An individual has no right, under the First or Fourteenth Amendment, to the sort of a personalized inquiry and response Plaintiff requests.

### III.  Conclusion

For the reasons stated above, the Court **GRANTS in part** and **DENIES in part** Plaintiff's motion to proceed in forma pauperis.  The Court **DISMISSES with prejudice** Plaintiff's claims against Defendants Judge Jan Fiss, Attorney Robert Haida, Attorney Robert Kelly, and Governor Rod Blagojevich, but **GRANTS** pauper status to Plaintiff with regard to his remaining claims.  Further, the Court **GRANTS** Plaintiff's motion for service of process.  The Court **DIRECTS** the Clerk's Office to prepare, issue, and serve summonses for Defendants Delany, Metz, Walker, and Justice.

**IT IS SO ORDERED.**

Signed this 4th day of January, 2006.


/s/         David RHerndon
**United States District Judge**