IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JEFFREY O'QUINN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:05-cv-748-DRH |
| ) | |
| TERRY DELANEY, et al., ) | |
| ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATION**

This matter is before the Court on the Order to Show Cause issued by this Court on August 11, 2006 (Doc. 50). For the reasons set forth below, it is **RECOMMENDED** that this matter be **DISMISSED** and that the Court adopt the following findings of fact and conclusions of law:

**FINDINGS OF FACT**

The plaintiff, Jeffrey O'Quinn filed a complaint on October 17, 2005. The defendant Roger E. Walker, Jr. filed an answer on February 27, 2006 (Doc. 26), defendant Terry Delaney filed a motion to dismiss on March 10, 2006 (Doc. 29), defendant Mearl Justice filed an answer on March 14, 2006 (Doc. 31), and defendant C. Barney Metz filed a motion to dismiss on March 14, 2006 (Doc. 32). The plaintiff failed to file a timely response to the motions to dismiss; however, on May 5, 2006, District Judge David R. Herndon granted the plaintiff until May 30, 2006 to respond (Doc. 37). The plaintiff filed his one paragraph response on May 23, 2006 (Doc. 39) and a subsequent two page response on May 30, 2006 (Doc. 43).

On July 13, 2006, this matter was set for an in person scheduling and discovery conference to occur on August 11, 2006. Notice was mailed to the plaintiff at his address on file, 639 North 41st Street, East St. Louis, IL 62205. The plaintiff failed to appear at the scheduling

conference. At that conference, the defendants indicated that they had no contact with the plaintiff and that the proposed scheduling order was developed without the plaintiff's input. In light of the plaintiff's failure to appear, this Court issued an Order to Show Cause which ordered the plaintiff to appear on August 28, 2006 at 2:00 p.m. and show cause why he failed to appear at the scheduling conference. The plaintiff was warned that the failure to appear at the show cause hearing would result in a Report and Recommendation that this matter be dismissed for want of prosecution. The plaintiff was mailed a copy of the Order to Show Cause at the same address. There is no indication in the docket that the mail was returned as undeliverable.

On August 28, 2006, at 2:10 p.m., this matter was called for the Show Cause Hearing. Attorney Julie A. Bruch appeared on behalf of Terry Delaney, attorney Michael J. Garavalia appeared on behalf of C. Barney Metz and Mearl Justice, and Attorney Matthew A. Lurkins appeared on behalf of Roger E. Walker, Jr. The plaintiff failed to appear. The defendants indicated that they have had no contact with the plaintiff at all. Each of these defendants orally moved to dismiss this matter for the failure to prosecute.

### CONCLUSIONS OF LAW

First, the plaintiff failed to participate in the scheduling of this matter, as required by Local Rule 16.2(a). Second, the plaintiff failed to appear for the scheduling conference set for August 11, 2006. Third, the plaintiff failed to appear for the Show Cause hearing set for August 28, 2006. The plaintiff received adequate notice of the hearings and of the consequences of failing to obey the Orders of this Court. See Fischer v. Cingular Wireless, LLC, 446 F.3d 665-666 (7th Cir. 2006). The plaintiff also has not been excused, notwithstanding his *pro se* standing, from complying with the Local Rules or the Federal Rules of Civil Procedure. The plaintiff has

offered no excuse as to why he failed to appear for two scheduling hearings and why he has failed to participate in the scheduling of this case. Therefore, this Court recommends that this matter be dismissed for the failure to prosecute. This Court further recommends that dismissal be with prejudice as a sanction for failing to participate in the scheduling of this case as provided by Federal Rules of Civil Procedure 16(f) and 37(b)(2)(C). By failing to participate in the scheduling of this case and by failing to appear at hearings, the plaintiff not only has wasted the resources of the defendants but also of the Court. Such conduct should not be tolerated.

### CONCLUSION

For the reasons set forth above, it is **RECOMMENDED** that this matter be **DISMISSED** for want of prosecution and for a violation of Rule 16 and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73.1(b), the parties shall have ten (10) days after service of this Recommendation to file written objections thereto. The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. Snyder v. Nolen, 380 F.3d 279, 284 (7th Cir. 2004); United States v. Hernandez-Rivas, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: August 29, 2006**

        **s/ Donald G. Wilkerson**
        **DONALD G. WILKERSON**
        **United States Magistrate Judge**