IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JEFFREY O'QUINN,

Plaintiff,

v.

TERRY DELANEY, et al.,

Defendants.                                                      No. 05-CV-748-DRH

MEMORANDUM AND ORDER

HERNDON, District Judge:

## I. INTRODUCTION

Plaintiff Jeffrey O'Quinn ("Plaintiff") filed a complaint on October 17, 2005 naming a multitude of Defendants, including Illinois Governor Rob Blagojevich, and alleging that each had violated his civil rights. (Doc. 1.) In an order dated January 4, 2007, the Court dismissed Plaintiff's claims, with prejudice, against several of the named-defendants. (Doc. 7.) Defendant Roger E. Walker, Jr. filed an answer on February 27, 2006 (Doc. 26), Defendant Terry Delaney filed a motion to dismiss on March 10, 2006 (Doc. 29), Defendant Mearl Justice filed an answer on March 14, 2006 (Doc. 31), and Defendant C. Barney Metz filed a motion to dismiss on March 14, 2006 (Doc. 32). Plaintiff failed to respond to the motions to dismiss. However, because Plaintiff was proceeding *pro se*, on May 5, 2006, the Court granted Plaintiff additional time in which to respond. Plaintiff filed two short responses, which failed to address the arguments raised in Defendant Delaney and Defendant

Metz's motions to dismiss (Docs. 29, 32).

On July 13, 2006, U.S. Magistrate Judge Donald G. Wilkerson set this matter for an in-person scheduling and discovery conference on August 11, 2006. Notice of this conference was mailed to Plaintiff at his last known address. Despite this notice, Plaintiff failed to appear at the conference on August 11, 2006. On that same date, Judge Wilkerson issued an Order to Show Cause ordering Plaintiff to appear on August 28, 2006 at a hearing to show cause why he failed to appear at the court-ordered scheduling conference. (Doc. 50.) The Order stated that "plaintiff is **WARNED** that the failure to appear at the show cause hearing **SHALL** result in a recommendation that this matter be dismissed for want of prosecution. (Doc. 50.) This Order was also mailed to Plaintiff's last known address. However, Plaintiff failed to appear at the show cause hearing. At the hearing, the Defendants indicated that they had had no contact with Plaintiff and each Defendant orally moved to dismiss the matter for failure to prosecute.

## II. ANALYSIS

This matter now comes before the Court on a Report and Recommendation (the "Report") issued by U.S. Magistrate Judge David G. Wilkerson on August 29, 2006 pursuant to **28 U.S.C. § 636(b)(1)(B)**. (Doc. 54.) Magistrate Judge Wilkerson's Report recommends that this matter should be dismissed with prejudice for Plaintiff's failure to prosecute and as a sanction against Plaintiff for his failure to participate in the scheduling of this case as provided by the **FEDERAL RULES**

**OF CIVIL PROCEDURE 16(f) and 37(b)(2)(C).**

Plaintiff filed an objection to the Report. Therefore, this Court undertakes de novo review of the Report. **28 U.S.C. § 636(b)(1)(B)**; **FED. R. CIV. P. 72(b)**; *Govas v. Chalmers*, **965 F.2d 298, 301 (7th Cir. 1992)**. The Court may "accept, reject or modify the recommended decision." **FED. R. CIV. P. 72(b)**; *Willis v. Caterpillar Inc.*, **199 F.3d 902, 904 (7th Cir. 1999)**. In making this determination, the Court must look at all the evidence contained in the record and give fresh consideration to those issues to which specific objection has been made. *Id*.

Plaintiff's objection alleges that on August 25, 2006 as Plaintiff was on his way to get filings for court, Defendants arrested, beat up, and then detained Plaintiff for 19 days in the St. Clair County Jail in retaliation for Plaintiff's complaint. (Doc. 55.) Although Plaintiff includes documentation to prove that he was in fact detained in St. Clair County Jail, he provides no documentation to support his dangerously unfounded accusations that Defendants were somehow involved or that anything close to his allegations are true, including that he was locked up. Furthermore, Plaintiff offers no explanation as to why he has failed to participate in the scheduling of this matter, as required by Local Rule 16.2(a), or why he failed to appear for the scheduling conference set for August 11, 2006 as ordered by Judge Wilkerson. Furthermore, Plaintiff does not even suggest that he informed officials at the St. Clair County Jail of the show cause hearing or that he was impeded in any

way from contacting the court to inform Judge Wilkerson that Plaintiff was being detained and would be unable to attend the show cause hearing on August 28, 2006.

This Court has been very patient with Plaintiff, in light of his *pro se* status. But the Court will not tolerate an outright disregard of Court orders. **FEDERAL RULE OF CIVIL PROCEDURE 16(f)** in conjunction with **RULE 37(b)(2)(C)** clearly grants courts the authority to sanction parties who fail to obey a scheduling or pretrial order. These sanctions include the right to dismiss a matter when a plaintiff has failed to comply with court orders. **FED. R. CIV. P. 37(b)(2)(C).** Plaintiff's failure to appear at the scheduling conference violated the Court's order under **RULE 16(f)**. In addition, Plaintiff was warned that his failure to appear at the show cause hearing would result in the matter being dismissed. ***See Fischer v. Cingular Wireless, LLC*, 446 F.3d 665-66 (7th Cir. 2006)**. The fact that Plaintiff was detained on charges to which he pled guilty - without any suggestion that he attempted to contact Judge Wilkerson to explain his predicament - does not excuse Plaintiff's overall failure to prosecute this case and his previous failures to appear. Therefore, the Court finds Judge Wilkerson's recommendation that this matter be dismissed with prejudice for Plaintiff's failure to prosecute and as a sanction for Plaintiff's failure to participate in the scheduling of this case wholly justified and appropriate.

### III. CONCLUSION

Accordingly, the Court **ADOPTS** Judge Wilkerson's Report (Doc. 54)

and **DISMISSES** Plaintiff's case with prejudice for failure to comply with a Court order and failure to prosecute this action.

**IT IS SO ORDERED.**

Signed this 23rd day of February, 2007.

<u>/s/        David  RHerndon</u>
**United States District Judge**